JACOB ROTHSCHILD and Others, as Executors of and Trustees under the Last Will and Testament of SIMON GOLDENBERG, Deceased, Appellants, *v.* MARY GOLDENBERG and Others, Appellants, Impleaded with JACOB H. SCHIFF and Others, Respondents, and Others, Defendants.

*Will — a gift to charitable purposes without designation of any particular beneficiary sustained — duty of the Attorney-General — testimony as to statements of the testator in regard to his purpose is incompetent — at what time the trustees of the fund may determine its disposition — right of the executors of the will to appeal from a judgment as to such disposition — what allowances may be made in an action for the construction of the will.*

A testator, by his will, created a trust in his residuary estate for the benefit of his wife during her life. He provided for the payment of certain specific legacies upon her death and then gave the residuary estate to certain designated persons or the survivors of them, stating, " it is my wish that said persons apply the said rest, residue and remainder of my estate and property to the creation of some charitable or educational institution in the City of New York. I desire to place no restriction upon them with regard to the character of such charitable or educational institution, excepting that I desire the same to be non-sectarian, and that I do not desire to have the fund hereby created to be divided between existing charities (but this not to preclude said legatees from enlarging or placing upon a solid foundation an existing charitable institution, if they shall deem it advisable so to do), having full confidence that they will found a charity which will add something to the improvement of the physical, moral, or intellectual improvement of those for whose benefit they will create such institution."

*Held*, that the clause disposing of the residuary estate was valid, as chapter 701 of the Laws of 1893 has removed the objection, which was theretofore fatal to such a bequest for charitable uses, arising out of its uncertainty in regard to the beneficiaries;

That, under chapter 701 of the Laws of 1893, it would be the duty of the Attorney-General, upon the death of the widow and the payment of the moneys to the legatees, to enforce the provisions of the will by proper proceedings in the Supreme Court, which court should then give such directions for the ultimate disposition of the property as the circumstances might require;

That in an action brought during the lifetime of the widow to obtain a judicial construction as to the provisions of the will, testimony as to conversations with the testator, subsequent to the making of the will, concerning the disposition which he desired the residuary legatees to make of the residuary estate, was incompetent;

That in such an action evidence as to the present intention of the persons to whom the residuary estate had been bequeathed, concerning the ultimate dis-

position of such residuary estate, was incompetent, for the reason that the will contemplated that the discretion conferred upon them was not to be exercised until after the death of the widow, and that the court had no present power to make any determination upon that question;

That the executors and trustees nominated in the will were entitled to appeal from a judgment, rendered in the action brought to construe the will, which assumed to dispose of the property held by them in contravention of the intention of the testator;

That in such an action the court had power to grant an extra allowance to the persons who were made parties because they were executors and trustees or were acting in a fiduciary capacity or were guardians *ad litem* for the infant defendants, but that the next of kin of the testator who had no interest in the estate were not entitled to an extra allowance.

APPEAL by the plaintiffs, Jacob Rothschild and others, as executors of and trustees under the last will and testament of Simon Goldenberg, deceased, and by the defendants Mary Goldenberg and others, from various portions of a judgment of the Supreme Court in favor of the defendants Jacob H. Schiff and others, entered in the office of the clerk of the county of New York on the 2d day of June, 1904, upon the report of a referee, with notice of an intention on the part of the plaintiffs to bring up for review upon such appeal so much of an order entered in said clerk's office on the 14th day of May, 1904, as grants additional allowances to the attorneys for the respective defendants.

This action was brought to obtain a judicial construction of the will of Simon Goldenberg, deceased.

*John J. Crawford*, for the plaintiffs, appellants.

*Delos McCurdy*, for the appellants Minnie B. Wise and others.

*Louis Marshall*, for the respondents Jacob H. Schiff and others.

INGRAHAM, J. :

Simon Goldenberg, a resident of the county of New York, died on the 19th day of February, 1897, leaving a last will and testament, dated June 28, 1895, and appointing the plaintiffs the executors and trustees under his will, which was admitted to probate by the surrogate of the county of New York, and letters testamentary thereon were issued to the plaintiffs, who subsequently duly qualified. The testator left him surviving the defendant Mary Golden-

berg, his widow, but no children, his next of kin being brothers and sisters and the descendants of deceased brothers and sisters. The deceased at the time of his death was the owner of real and personal property located in the State of New York amounting to more than $600,000. After making certain specific bequests, the testator by the 19th clause of his will left the residue of his estate in trust for the benefit of his wife during her life, and by the 23d clause of his will disposed of the trust estate upon her death. After making several specific bequests of the property held in trust by the 15th subdivision of the 23d clause of the will he disposed of the residue and remainder of the trust fund, and this action is brought to determine the validity of this disposition of such residue. The trust estate is vested in plaintiffs, as trustees during the life of the testator's widow, and the question of validity of this disposition of the remainder of the trust estate by the 15th subdivision of the 23d clause of the will will not arise until the death of the testator's widow. As all those interested in the division of the trust are parties and seem to have united in requesting a determination as to the validity of this provision of the will, and as the judgment as entered has determined it, it is probably for the interest of those concerned that the construction and validity of this provision of the will should be determined.

We think an examination of the provisions of the will makes the intention of the testator quite clear. He had no children. He made ample provision for his widow, leaving to her the income of the whole of his property during her life. After her death he gave to certain of his relatives specific legacies from this property thus held in trust, and then provided for the disposition of the residue by the 15th subdivision of the 23d clause of the will as follows: " I give, devise and bequeath all the rest, residue and remainder of my estate, together with such other estate, both real and personal, as to which for any cause I may die intestate, after the payment of the foregoing bequests, to Jacob H. Fleisch, Jacob H. Schiff, Julius Goldman, M. Warley Platzek, Isaac Wallach, Jacob Rothschild, Simon Ottenberg, Joel Goldenberg and Louis Seeberger, or the survivors of them, all of the City, County and State of New York, and it is my wish that said persons apply the said rest, residue and remainder of my estate and property to the creation of some

charitable or educational institution in the City of New York. I desire to place no restriction upon them with regard to the character of such charitable or educational institution, excepting that I desire the same to be non-sectarian; and that I do not desire to have the fund hereby created to be divided between existing charities (but this not to preclude said legatees from enlarging or placing upon a solid foundation an existing charitable institution, if they shall deem it advisable so to do), having full confidence that they will found a charity which will add something to the improvement of the physical, moral, or intellectual improvement of those for whose benefit they will create such institution."

There can be no doubt, I think, that the testator, by this provision, intended to devote the residue of his estate to charity, subject to the provision for the support of his widow during her life. He could not tell when the property would be available for final disposition, for his wife might live to enjoy the income that he had provided for her for many years; and so he provided that upon the death of his wife this property that had been held in trust to provide her an income should be paid to the persons named, " or the survivors of them." The payment was thus to those named as a class and to the survivors at the death of the widow. The legatees who received the bequest were to apply it to " the creation of some charitable or educational institution in the City of New York; * * * (not to preclude said legatees from enlarging or placing upon a solid foundation an existing charitable institution, if they shall deem it advisable so to do), having full confidence that they will found a charity which will add something to the improvement of the physical, moral, or intellectual improvement of those for whose benefit they will create such institution." If the testator had known the institution or charity to which he desired this residuary estate to be devoted, he would have named it in the will; but he preferred to leave that question undetermined, to be settled by the legatees when the property was in a position to be distributed. Upon the death of his wife the property was to go to those named, or the survivors of them, and it was the testator's intention that those in whom the property should then vest should determine the particular charity that he wished to establish. This indication of the testator's intention seems to me to make the provision clear and

consistent, and furnishes a reason for his not designating the charity that he wished to assist, realizing that in the years that might elapse before the death of his widow, the existing charities might change and new charities come into being, or that conditions would exist which would make the application of the fund to a purpose that was not known when the will was made of more use to those whom he desired to benefit. The first question that is presented is whether there is any legal objection to the court giving effect to this intention.

It may be assumed that prior to the change of the law of this State in regard to charitable uses by chapter 701 of the Laws of 1893, this intention could not have been given effect for the reason that there was uncertainty in regard to the beneficiaries. But since the passage of this act, this objection will not defeat a disposition of property to charitable uses. That was decided in *Allen* v. *Stevens* (161 N. Y. 123). The will in that case contained provisions somewhat similar to the will in question. There the testator after the termination of a life estate gave the rest and residue of his estate to his trustees thereafter named " for the purpose of founding, erecting and maintaining Graves Home for the Aged, to be located in the City of Syracuse in the State of New York." He appointed his executors and trustees to execute that trust and directed his executors to convey the property to his trustees for that purpose. It was held that under the provisions of this statute the gift was valid. The court, in speaking of the provisions of the will, said : " While the place where ' Graves Home for the Aged ' is to be located is stated, and the general object of the charity is clearly given, namely, to provide a home for the aged who by misfortune have become incapable of providing for themselves, it is still indefinite as to the territory from which such aged people may be accepted at the home. But for the statute that we have been considering, this trust would fail because of the indefiniteness of the beneficiaries, but the practice that it revives makes it necessary for the Supreme Court, when properly moved by the attorney-general representing the beneficiaries, to ascertain as nearly as may be, the intention of the testator as to the method of selecting those aged persons who are to be the beneficiaries of the home, and to make such intention efficacious by decree. \* \* \* In this case trustees were named, and, as the eleventh clause of the will expressly prohibits the trus-

tees from holding any portion of the testator's property longer than the lives of the two persons in being therein named, it must be held that the trustees are charged with the management and conduct of the trust until the expiration of a period measured by the two lives in being, at which time the title to the trust property will vest in the Supreme Court under the statute," and this opinion was concurred in by a majority of the court.

In the light of the construction given to chapter 701 of the Laws of 1893 by the decision in the case cited, I think there is no difficulty in upholding this clause of the will and carrying out the intention of the testator. The property is to remain in the hands of the trustees named during the life of the testator's widow, the income to be applied for her benefit. Upon her death the property is to be paid to the survivor of the persons named in the 15th subdivision of the 23d clause of the will, who are then to determine the application of the property received by them in accordance with the testator's intention. Section 1 of chapter 701 of the Laws of 1893 provides as follows : " If in the instrument creating such a gift, grant, bequest or devise there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee." If it should happen that before the termination of the trust all of the persons named in this clause have died, then the next sentence of the statute would apply : " If no person be named as trustee then the title to such lands or property shall vest in the Supreme Court." By the 2d section of the act (as amd. by Laws of 1901, chap. 291) the Supreme Court is given control over such gifts, grants, bequests and devises and the Attorney-General is directed to represent the beneficiaries and to enforce such trusts by proper proceedings in the court. Under this act, therefore, it would be the duty of the Attorney-General upon the death of the wife and the payment of the money to the legatees named to enforce the provisions of the will by proper proceedings in the Supreme Court, and, as by the act the Supreme Court is given control over the bequests, it can then give such direction for the ultimate disposition of the property as the circumstances require. This conclusion is somewhat at variance with that arrived at by the learned referee and requires a modification of the judgment.

There was offered upon the trial and admitted against the objection of the plaintiff and the next of kin of the testator, testimony as to conversations with the testator after the making of the will as to the disposition which he desired the legatees to make of this portion of his property. We think this testimony incompetent. The will in express terms gives to the legatees named in this clause of the will a discretion as to the ultimate disposition of his property. Certainly that provision cannot be altered by conversations had with the testator as to what he would desire if this property was to be now distributed. We supposed nothing was better settled than that declarations of a testator are incompetent to affect testamentary disposition made in a will duly executed and admitted to probate. Nor do we think that the present intention of those who are to determine the question as to the ultimate disposition of this property at the termination of the life estate is competent as having any bearing upon the disposition that is to be made of the property when it is paid to them. The discretion with which they are vested is not to be exercised until the property shall come into their hands; but while by the 2d section of chapter 701 of the Laws of 1893 (as amd. *supra*), the Supreme Court is to have control of this bequest, the control there given is to carry out the expressed intention of the testator and to see to it that the disposition that is made carries out as near as may be such intention. The court has no power now to determine to whom this money shall ultimately be paid, and although if this money was now distributable the institution selected by the legatees and the learned referee may be a proper institution to which the money should be paid, a question that we do not decide, the court cannot now by judgment select the institution to which the money is to be paid at the termination of the life estate. At that time this institution may not be in existence, it may have so changed its by-laws as to be sectarian, or for some other reason it may not be a proper institution to receive the legacy. It is sufficient. however, to say that by his will the testator intended to vest a discretion in the legatees as to the institution to which this property should go to be exercised when it should come to them. If these views are correct, it follows that the judgment appealed from must be modified by declaring that the 15th subdivision of the 23d clause of the will

is valid and that upon the termination of the life estate the trustees are directed to pay the remainder of the trust fund, after providing for the legacies contained in the former subdivisions of this clause of the will, to the survivors of those named in the 15th subdivision of the 23d clause of the will.

Counsel for the respondents objects to the court's entertaining this appeal upon the ground that the executors and trustees have no right to appeal, but they are appointed by the testator his executors and trustees and upon them devolves the duty of carrying into effect his intention. They certainly have a right to appeal from a judgment which disposes of the property held by them in trust in contravention of the intention of the testator.

The allowances granted in this case seem to be out of all proportions to the service rendered. The plaintiff was allowed $2,000 and the same amount was divided among the defendants. We think it was a proper case for an allowance to those who are made parties as executors and trustees, or as acting in a fiduciary capacity and to the guardian *ad litem* appearing for the infant defendants (*Wetmore* v. *Parker*, 52 N. Y. 450; *Matter of Holden*, 126 id. 589), and that the defendants Jacob H. Schiff and other legatees occupy this position. The allowance to the plaintiffs should be reduced to $1,000, to the defendants Schiff and others to $500, and to the guardian *ad litem* $250. The next of kin of the testator having no interest in the estate are not entitled to an allowance.

It follows that the judgment appealed from must be modified as before indicated and as modified affirmed, with costs to the plaintiffs to be paid out of the estate.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment modified as directed in opinion, and as modified affirmed, with costs to plaintiffs to be paid out of the estate.