### In re ORDWAY'S ESTATE.

(Supreme Court, Appellate Division, Third Department.  March 10, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 111*)—EXPENSES INCURRED BY ADMINISTRATRIX—LIABILITY OF ESTATE.

Where a suit was defended by an administratrix for her own benefit, and the funds of the estate would not be affected by the outcome of the suit, which would only determine whether the estate should go to plaintiff in the action or to the administratrix, or what proportion of it should go to each, the expenses incurred by the administratrix in the suit were not a charge against the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

2. EXECUTORS AND ADMINISTRATORS (§ 500*)—COMMISSIONS—ALLOWANCE.

An administratrix, acting as such, employed an attorney in the administration of the trust, which was done without any loss to the estate. The securities were nominally in her keeping, and the moneys were deposited in her name.  What she did with reference to a suit against her and in insisting that the expenses incurred therein were chargeable against the estate were done under the advice of counsel.  She had no clear appreciation of the duties of an administratrix.  *Held*, that she could not be deprived of the commissions allowed by law.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2131, 2132; Dec. Dig. § 500.*]

Appeal from Surrogate's Court, Washington County.

In the matter of the final judicial settlement of the account of Mary M. Ordway, as administratrix of James M. Ordway, deceased, in which Sarah Middleworth appeared.  From a decree settling the account, Mary M. Ordway, individually and as administratrix, appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Henry W. Williams, for appellant.
Erskine C. Rogers, for respondent.

CHESTER, J.  We agree with the learned surrogate that the counsel fees and expenses incurred by the appellant in the action of Middleworth v. Ordway were not proper charges against the estate of the decedent.  That action was one brought by the respondent here, Mrs. Middleworth, against the appellant and the heirs at law of said decedent to compel the specific performance of a contract made between the father of Mrs. Middleworth, when she was an infant 15 months old, under the terms of which the latter agreed to adopt her as his child and give her the same right in his property as though she were his own child.  In that case one of the issues was as to whether or not Mrs. Middleworth, as she claimed, was entitled to two-thirds of the personal and all of the real estate subject to dower.  Mrs. Ordway defended against that claim, and the court held that, inasmuch as she did not sign the contract in question, she was not bound by it, and therefore she was entitled to one-half, instead of one-third, of the personal property; in other words, that she was entitled to the same

rights in the property of her husband as though the contract had not been made. See Middleworth v. Ordway, 117 App. Div. 913, 102 N. Y. Supp. 1143, affirmed 191 N. Y. 404, 84 N. E. 291. It was shown upon this accounting that the heirs at law and next of kin of the decedent had joined in an irrevocable power of attorney to Mrs. Ordway's attorney in that suit to sell and convey to her all their interest in the real and personal property owned by the decedent at the time of his death. It thus clearly appears that the suit was one defended by Mrs. Ordway for her own benefit, and not for the benefit of the estate of her husband. No outcome of that suit would in any wise affect the amount of the estate, but it would only determine whether the estate should go to Mrs. Middleworth or to her, or what proportion of it should go to each. It is clear therefore that the surrogate properly disallowed as charges against the estate all the expenses incurred by Mrs. Ordway in that litigation.

We think, however, that the surrogate erred in disallowing Mrs. Ordway her commissions as administratrix. This was done apparently on the theory that she was incapable of acting as such, and that she performed no duties. The trust was, however, conducted in her name. While it appears from her testimony that she had no clear appreciation, at the time she was sworn, of the duties incumbent upon her, and said at one place that she did not know that she was appointed administratrix, yet the evidence, as a whole, showed: That she had been duly appointed as administratrix, and acted as such, and employed an attorney, and relied upon him to guide her in administering the trust; that she had signed checks from time to time; and that she had consulted with him all along, and followed his advice. She was a woman of advanced years, and, at the time of the hearing, feeble in body and mind, yet it does not appear that any one attempted to remove her from her office because of her incapacity, and the trust appears to have been faithfully administered, without any loss of any kind to the estate. The securities were nominally in her keeping, and the moneys were deposited in her name. What she did with reference to the suit of Middleworth v. Ordway and Others, and with reference to insisting that the expenses there incurred were properly chargeable against the estate, was done under the advice of counsel. Nothing appears indicating that all her acts in relation to the estate were not performed in good faith. In the objections filed to her account, no question is raised about her right to the commissions allowed by law, and that matter was not made the subject of testimony on the hearing. Her counsel insists that he did not know that the claim was made until the decision was rendered. If the matter had been a subject of testimony on the hearing, it might have appeared that she performed many acts during the years she served as administratrix in fulfillment of the trust, which are not shown upon this record. Nevertheless we are of the opinion that nothing does appear here which should fairly deprive her of the commissions allowed by law.

We think therefore that the decree should be modified by allowing such commissions, and as modified affirmed, without costs to either party. All concur.