In the Matter of the Judicial Settlement of the Account of Proceedings of VALENTINE W. SMITH and Another, as Executors, etc., of JOSEPHINE A. DUTCHER, Deceased.

LAURA M. BRACKETT, Appellant; VALENTINE W. SMITH and Another, as Executors, etc., of JOSEPHINE A. DUTCHER, Deceased, and MAURICE BRANDT, Respondents.

Second Department, May 7, 1937.

*M. M. Leichter* [*John L. Ketcham* with him on the brief], for the appellant.

*Maurice Brandt* [*Victor Levin* with him on the brief], for the respondents.

JOHNSTON, J. Appellant instituted an action in the Supreme Court against the executors of Josephine A. Dutcher, deceased, to establish her claim that in 1899 she and her husband, a son of the testatrix, entered into a contract with the testatrix, pursuant to which the latter agreed to leave to appellant all her property in consideration of the son's conveying to testatrix a certain parcel of real property and making her the beneficiary under certain life

insurance policies. It was alleged that the testatrix breached this contract by leaving to others all her property. After two trials and appeals, appellant recovered judgment for $33,775.80, which is unsatisfied. (*Brackett* v. *Smith*, 237 App. Div. 836; 242 id. 711; affd., 266 N. Y. 491.)

Thereafter the executors instituted this proceeding for the judicial settlement of their account and claimed credit for counsel fees paid and disbursements made in defending the action. Appellant filed objections, which the surrogate overruled. Appellant appeals from the decree only in so far as an allowance of $3,475.23 was made to one Maurice Brandt for counsel fees, and $1,129.58 to the executors for disbursements.

Appellant, while admitting the executors were entitled to retain counsel to advise them of the nature of the claim, contends that thereafter the executors had no right to defend the action at the expense of the estate. The executors claim that in view of the nature of the action it was incumbent upon them to defend it on behalf of the estate. The issue is whether the expenses of the litigation should be borne by the estate or by the beneficiaries under the will. Neither the good faith of the executors nor the reasonableness of the allowances is questioned.

Appellant originally commenced her action against the executors individually and in their representative capacity, the beneficiaries named in the will, and the next of kin of the testatrix. In her first complaint, served December 27, 1930, appellant pleaded an action in equity based on the contract and testatrix's breach thereof, and asked, among other things, that the contract be enforced and the will and the decree admitting it to probate be vacated. Thereafter appellant discontinued the action against all the defendants except the executors in their representative capacity. Then, pursuant to leave granted by this court (*Brackett* v. *Smith*, 235 App. Div. 742), appellant served a second complaint based on the same facts and asked for damages in an amount equivalent to the value of the estate.

It is true that a representative of an estate will not be allowed to saddle upon the estate the cost of defending litigation against him in his representative capacity when the result will inure solely to the personal benefit of the representative or a beneficiary. On the other hand, a representative is justified in defending an action brought against him in his representative capacity whenever such litigation may not only affect adversely the beneficiaries, but may also divert the assets of the estate from the course prescribed by the testator. Whether litigation may be said to be within one category or the other is a question of fact.

An executor or trustee is entitled, like a receiver, to be paid for his services and disbursements while protecting the estate under the mandate of the court. (*Matter of Staiger*, 249 N. Y. 229, 234.) Once he has been appointed he is bound to employ all fair means to sustain the will under which he is acting. (*Dodd* v. *Anderson*, 197 N. Y. 466.) To prevent the intention of a testator from being frustrated, the law " burdens the trustee with the responsibility of using reasonable care and diligence to protect and execute in all its integrity the provisions of the instrument creating the trust, and appointing him to attend to its execution. And this duty is none the less obligatory because he happens to be a beneficiary under the instrument, of which he is also the trustee, and may, to some extent, profit by a successful defense of a suit which assails one or more of its provisions." (*Matter of Hutchison*, 84 Hun, 563.) To the same effect are *Rothschild* v. *Goldenberg* (103 App. Div. 235); *Matter of Title Guarantee & Trust Co.* (114 id. 778), and *Matter of Hoffman* (136 id. 516).

In our opinion the action brought by appellant against the executors in their representative capacity for damages for breach of contract did not have for its purpose the decrease or destruction of any particular bequest or devise in the will or the determination of conflicting claims of beneficiaries thereunder. On the contrary, the purpose and necessary consequence of the action were to nullify and abrogate the will in its entirety by diverting all the assets from the course directed by the will and applying them to the satisfaction of the adverse claim asserted by appellant. The assault primarily was upon the will as a whole. Under such circumstances the executors were justified in defending the action, and the cost of such defense was a proper expense necessarily incurred in the administration of the estate. (Surr. Ct. Act, §§ 222, 279-a, 285.)

*Matter of Ordway* (196 N. Y. 95), when read in the light of the facts there presented, is not to the contrary. In that case, expense of litigation was disallowed to the administratrix on the ground that the sole party interested in the litigation was the administratrix personally, since the rights of all the next of kin and heirs at law had, in effect, been assigned by them to her. (See *Matter of Ordway*, 131 App. Div. 339.) There the administratrix, by her defense, was advancing only her personal interests. Here, while one of the executors is a beneficiary under the will, he has only a minor interest in the estate. The executors' defense was conducted primarily for the purpose of sustaining the will as a whole and preventing a diversion of the assets, and not for the purpose of preferring one beneficiary over another.

The decree, in so far as appealed from, should be affirmed, with costs to respondents, payable by appellant personally.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ.

Final decree of the Surrogate's Court of Queens county, so far as appealed from, unanimously affirmed, with costs to respondents, payable by appellant personally.