In the Matter of the **Estate of**
Larry Lee **Hillblom**, Deceased.
Appeal Nos. 96-007 & 96-009 (Consolidated)
Civil Action No. 95-626
September 27, 1996
Amended October 28, 1996

Submitted on the Briefs August 8, 1996

Lead Counsel for Appellant Bank of Saipan: John Osborn, Saipan. (Carlsmith Ball Wichman Case & Ichiki)

Lead Counsel for Appellant Peter Donnici as Chairman of Hillblom Charitable Trust: Paul A. Lawlor, Saipan.

Lead Counsel for Appellee Kaelani Kinney: David J. Lujan, Agana, Guam.

Lead Counsel for Appellee David Moncrieff: Randall T. Fennell, Saipan.[1]

The Opinion issued by this Court on September 27, 1996 is to be amended as follows:

BEFORE: TAYLOR, Chief Justice and VILLAGOMEZ and ATALIG, Associate Justices.

ATALIG, Justice:

¶1 Appellants, Bank of Saipan ("Executor") and Peter J. Donnici in his capacity as Chairman of the Board of Trustees of the Hillblom Charitable Trust ("Trust"), appeal the January 24, 1996 order of the Superior Court which ruled that the Executor could not use estate assets to defend against the heirship claims asserted by Junior Larry Hillbroom ("Junior"), by his guardian ad litem, Kaelani Kinney ("Kinney"), and Jellian Cuartero ("Jellian"), by her guardian ad litem David Moncrieff ("Moncrieff").

¶2 This Court has jurisdiction pursuant to title 1, § 3102(a) of the Commonwealth Code. We reverse.

## ISSUE PRESENTED AND STANDARD OF

## REVIEW

¶3 The dispositive issue on appeal is whether the Executor may use estate assets to defend against the heirship claims of the alleged pretermitted heirs, Junior and Jellian.[2] The issue on appeal presents a question of law which we review de novo. *Estate of Jose Cabrera*, 2 N.M.I. 195, 203 (1991).

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Larry Lee Hillblom ("Hillblom") died in an airplane crash on or around May 21, 1995. Hillblom's will was executed on January 15, 1982 ("Will"). The Will designated the Bank of Saipan as the executor of Hillblom's estate. In addition, Hillblom bequeathed all of his personal and household effects to his two brothers, Terry Hillblom and Grant Anderson, as well as $300,000 to each of them. The residue of his estate was to be held in trust to be used for a charitable purpose.

¶5 On July 7, 1995, the Bank of Saipan filed a petition for probate of the Will and for issuance of letters testamentary in the Superior Court. On July 17, 1995, the Superior Court admitted the Will to probate and appointed the Bank of Saipan as executor of the estate.

¶6 On July 17, 1995, Kinney filed a "Notice/Contest and Opposition to Will to Probate and Motion for Hearing for Determination of Paternity and Heirship and for Declaratory Judgment." Kinney asked the Superior Court to prevent distribution of the estate assets pursuant to the Will claiming that Hillblom was the father of her son, Junior Larry Hillbroom, and that her son was a pretermitted heir entitled to inherit all of Hillblom's estate pursuant to 8 CMC § 2702.

¶7 On July 28, 1995, Kinney filed a "Motion for DNA Testing" to require Hillblom's mother and brothers to submit to DNA testing. The Executor opposed this motion on the grounds that the Superior Court did not have jurisdiction over Hillblom's relatives and could not compel them to give blood as DNA samples. Kinney asserted that the Executor did not have standing to oppose this motion. On August 15, 1995, the Superior Court ruled that "the Executor does have standing and thus, can respond to the motion since the Executor owes a fiduciary duty to the Estate and must do such acts which are necessary to carry out this duty."

¶8 On November 17, 1995, Moncrieff filed a "Petition for Declaratory Judgment of Paternity and Heirship" claiming that the fictitiously named Jane Doe (later disclosed as Jellian Cuartero) was a child of Hillblom and therefore entitled to Hillblom's entire estate pursuant to 8

---

[1] Additional counsel for parties include: W. Scott Thomas of Brobeck, Phleger & Harrison, 1 Market Plaza, Spear Street Tower, San Francisco, CA 94105 representing Peter Donnici in his capacity as the Chairman of the Hillblom Charitable Trust; Barry J. Israel, 1310 Shoreline Drive, Santa Barbara, CA 93109 and Joe Hill, P.O. Box 917, Saipan, MP 96950 representing Kaelani Kinney; Mitchell E. Hornecker of Schwabe, Williamson & Wyatt, 1211 S.W. Fifth Avenue, Portland, OR 97204 representing David Moncrieff. The California Attorney General ("CAG") also filed its Opening Brief on June 7, 1996. Since this Court has not received the Superior Court's certification of the record for the CAG's appeal, we will not entertain any pleadings submitted by the CAG in this appeal.

[2] These two claimants are alleged pretermitted heirs who have not been judicially declared to be heirs.

CMC § 2702 as a pretermitted heir.

¶9 In January 1996, the Superior Court allowed a joint motion from Kinney and Moncrieff to reconsider its initial order regarding the standing of the Executor to defend. In its January 24, 1996 order, the Superior Court ruled that the Executor could not expend estate assets to defend against the heirship claims of Junior and Jellian through their respective guardians ad litem. This is the order at issue in the above-enumerated appeals. Appellants timely appealed.[3]

## ANALYSIS

### I. Executor's Duty to Defend

¶10 ■ Since the law of the Commonwealth is silent on this issue, 7 CMC § 3401 requires an application of the common law "as expressed in the restatements of the law approved by the American Law Institute and, to the extent not so expressed as generally understood and applied in the United States." *Ada v. Sablan*, 1 N.M.I. 415, 424 (1990). Since there is no applicable restatement provision on this issue, we consult the generally understood and applied laws in the United States.

¶11 ■ This Court adopts the line of cases that hold that an executor has a duty to defend by using estate assets to protect the interests of beneficiaries named in the will against attacks.[4]

¶12 The case that is most similar to ours is *Swaffar v. Swaffar*, 827 S.W.2d 140 (Ark. 1992). In *Swaffar*, the Arkansas Supreme Court held that an executor can defend the estate against a pretermitted heir claim. *Id.* at 142-43. The issue on appeal was whether Billy Swaffar was legally adopted under Ark. Stat. Ann. § 56-101, et seq. and therefore entitled to a portion of the decedent, Eddie Linn Swaffar's estate, as a pretermitted heir. *Id.* at 141. The probate court held that he was not legally adopted. *Id.* On appeal, one of the issues raised by Billy Swaffar was that the executor had no standing to challenge his adoption. *Id.* at 142.

¶13 The court ruled that the executor's objection to Billy

---

[3] The CAG filed a separate Notice of Appeal on June 4, 1996. Since this Court has not received the Superior Court's certification of the record, we will not entertain any pleadings submitted by the CAG in this appeal.

[4] *See Estate of Hammer*, 24 Cal. Rptr. 2d 190, 201 (Cal. Ct. App. 1993); *Estate of Flaherty*, 484 N.W.2d 515, 518 (N.D. 1992); *Estate of Morine*, 363 A.2d 700, 704-05 (Me. 1976); *Estate of Harber*, 449 P.2d 7, 17 (Ariz. 1969); *In re Corotto*, 270 P.2d 498, 502 (Cal. Dist. Ct. App. 1954); *Schumacher v. Adams County Circuit Court*, 73 N.E.2d 689, 691-92 (Ind. 1947); *In re Dunton's Estate*, 60 P.2d 159, 160 (Cal. Dist. Ct. App. 1936); *In re Logan's Estate*, 153 P. 388, 390 (Cal. 1915).

Swaffar's status as a pretermitted heir on the grounds that he was not legally adopted was well founded. It held:

> [T]he Executor was operating well within his authority to contest the pretermitted status of a petitioner who did not qualify. Indeed, he was obligated to do so as the representative of those provided for in the will . . . In short, the [executor] had standing to challenge [the pretermitted heir claim] in his capacity as executor, which was a challenge he was required to make to protect the decedent's distributees mentioned in his will.

*Id.* at 142-43.

¶14 It is clear from *Swaffar* that an executor's duty to defend the estate includes protecting the decedent's distributees mentioned in the will. The duty extends to defending against claims by alleged pretermitted heirs. In our case, the Executor has raised the issue whether Junior and Jellian are truly pretermitted heirs. In doing so, it is properly protecting the named beneficiaries of the Will.

¶15 ■ Courts have recognized that it is not the source of the attack, but the effect on the distribution plan which determines whether or not an executor can defend. In *Estate of Goulet*, 898 P.2d 425 (Cal. 1995), the California Supreme Court held that a trustee has a duty to defend against any action that would diminish the funds to be distributed to the decedent's intended beneficiaries. *Id.* at 429.

¶16 In *Goulet*, decedent's ex-wife, a trust beneficiary, filed a petition for an order determining whether her creditor's claim against the estate to enforce her rights under a premarital agreement would constitute a contest within the meaning of the no contest clause of the will and trust. *Id.* at 426. The probate court issued an order declaring that the proposed filing would not constitute a contest. *Id.* The trustees appealed the order. The Court of Appeals dismissed the trustee's appeal on the ground that the trustee lacked standing. *Id.* at 427. The Supreme Court reversed, holding that the trustee did have standing to appeal the order.

> We 'cannot see that it matters that a claim is made against the estate under the will, or by one who claims to be an heir, or a part of a family of the deceased, and as such entitled to an allowance. If it may diminish the estate to be finally distributed, or may make the fund from which the creditors are to be paid insufficient for that purpose, the administrator is interested, and, in the event of an adverse ruling is a party aggrieved.' (*In re Heydenfield, supra*, 117 Cal. at 553, 47 P.713). By analogy [the] claim in this case may substantially diminish the funds to be

distributed to the [decedent's] intended beneficiaries. The claim therefore implicates the trustee's fiduciary duty to protect the trust corpus.

*Id.* at 429.

¶17 The Court in *Goulet* agreed that a fiduciary did not have standing regarding "conflicting claims of beneficiaries" but distinguished the case before it. *Id.* at 428. The court reasoned that if the trustee was not permitted to appeal in such a situation, then the "trustor's intent is left undefended" because there may not be any other beneficiary who is "aggrieved" and who is "financially or otherwise motivated or situated to pursue an appeal." *Id.*

¶18 ■ The executors in *In re Dutcher's Estate*, 295 N.Y.S. 643 (1937), defended a creditor's claim which did not seek to invalidate the will, but which would result in the beneficiaries losing the entire estate. *Id.* at 645. In holding that an executor once appointed is bound to employ all fair means to sustain the will, the court held:

> [A] representative is justified in defending an action . . . whenever such litigation may not only affect adversely the beneficiaries, but may also divert the assets of the estate from the course prescribed by the testator . . . the purpose and necessary consequence of the action [filed by the creditor] was to nullify and abrogate the will in its entirety by diverting all the assets from the course directed by the will and applying them to the satisfaction of the adverse claim asserted by appellant . . . [u]nder such circumstances the executors were justified in defending the action
> . . . .

*Id.* at 646.

¶19 ■ Appellees contend that the Executor has no duty to defend because the alleged pretermitted heirship proceeding is not a will contest. However, the duty of the executor to defend is triggered when there is a possibility that the estate funds will be diminished and not only during a will contest. In this case, if the appellees successfully prove that Hillblom is their father, then the statutory intestate distribution scheme replaces the Will and the assets of the estate are disposed of as if he died intestate. As a result, the Will would be set aside and the beneficiaries in the Will would take nothing.[5]

¶20 The cases mentioned above strongly establish an affirmative duty upon the Executor to defend the Will against all attacks including an alleged pretermitted heir claim.

## II. Attorney's Fees

¶21 ■ Because the Executor has a duty to defend against the pretermitted heir claims, it is entitled to be reimbursed for its costs, including reasonable attorney's fees.[6] An executor is justified in defending an action on behalf of the estate when such litigation may adversely affect the beneficiaries and also divert assets of the estate. *In re Dutcher's Estate,* supra, 295 N.Y.S. at 646. Therefore, the cost of defense is a proper expense necessarily incurred in the administration of the estate. *Id.*

## CONCLUSION

¶22 For the reasons set forth above, we hereby **REVERSE** the January 24, 1996 order of the Superior Court. Forthwith, the Executor shall participate in any heirship proceedings and may defend the Estate and the interests of the will beneficiaries against the claims of the alleged pretermitted heirs, notwithstanding any order of the Superior Court to the contrary. The mandate shall be issued immediately.[7]

---

will. This case involves a contest between named beneficiaries and alleged pretermitted heirs to whom the Executor does not owe a duty.

[6] *See Estate of Evenson,* 505 N.W.2d 90, 91-92 (Minn. Ct. App. 1993); *Estate of Flaherty,* 484 N.W. 2d at 518; *Ellis v. King,* 83 N.E.2d 367, 371 (Ill. App. Ct. 1949); *In re Swanson's Estate,* 38 N.W. 2d 652, 655 (Iowa 1949); *In re Dunton's Estate, supra,* 60 P.2d at 160. Also *see* 8 CMC § 2926.

[7] The resolution of the heirship proceedings is of utmost importance in the orderly disposition and settlement of the Estate.

---

[5] There is a statutory difference between administrators and executors. Executors are appointed by the decedent and administrators are appointed by the court in cases of intestacy. Therefore, the duties of administrators and executors are not the same. Our case involves a valid will with a named executor. This is not a case of a contest between named beneficiaries in the