[S. F. No. 6379. In Bank.—February 15, 1915.]

JOHN F. KUNZ, Respondent, v. CALIFORNIA TRONA COMPANY (a Corporation), E. J. BOYES and LUCIEN SIMON, Defendants and Appellants; ROBERT B. PHILLIPS, Defendant; CALIFORNIA TRONA COMPANY (a Corporation), Cross-complainant and Appellant, v. E. J. MERRILL, Cross-defendant and Respondent.

Action on Note—Bringing in New Party by Cross-complaint—Trial of Issue not Embraced in Original Action—Appeal from Judgment on Cross-complaint.—In an action to recover the amount due on a promissory note, brought by an indorsee against the maker and the indorsers, where in pursuance of a stipulation of the parties and the order of the court, the payee of the note is made a

party defendant and a cross-complaint is filed against it raising an issue as to an indebtedness due from the payee to the maker on which judgment is rendered in favor of the payee, the latter cannot, for the first time on appeal from such judgment, raise the objection that he was improperly brought into the action by cross-complaint, because the controversy between him and the cross-complainant was in no way related to the controversy between the parties originally before the court, and for that reason the appellate court should decline to consider the appeal, but should reverse the judgment with directions to dismiss the cross-complaint.

ID.—WAIVER OF OBJECTION TO IMPROPER CROSS-COMPLAINT.—As the trial court had jurisdiction of the subject-matter embraced in the cross-complaint, the cross-defendant waived the objection that the filing of the cross-complaint was improper by failing to make it at the opportune time in the trial court.

ID.—EVIDENCE IN SUPPORT OF CROSS-COMPLAINT—ERRONEOUS REJECTION. Certain evidence offered by the cross-complainant on the issue raised by the cross-complaint as to the existence of an indebtedness due from the cross-defendant to the cross-complainant is held to have been relevant and competent, and the rejection of such evidence was erroneous.

APPEALS from judgments of the Superior Court of the City and County of San Francisco and from orders refusing a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Perry ·Evans, for Appellants.

Arnold W. Liechti, for Plaintiff and Respondent.

R. H. Countryman, for Cross-defendant and Respondent.

LORIGAN, J.—This is the appeal referred to in the opinion filed this day in the other appeals in the case of *John F. Kunz*, plaintiff and respondent, v. *California Trona Compaঞ্y et al.*, defendants and appellants, (S. F. No. 6901), *ante*, p. 348, [146 Pac. 883], and reference is made to the opinion on that appeal for a more particular statement of the circumstances under which this and the actions embraced therein were tried in the superior court. This action was to recover on one of the three promissory notes mentioned in the appeal in the other cases—the note of January 5, 1911, for the sum of five hundred dollars. The pleadings and issues between the

plaintiff and defendants as to this note are the same as there. The actions were all tried together and the points made for a reversal of the judgment and order denying a new trial as far as the right of the plaintiff to recover on the note in this action is concerned, are identical with those presented and considered in the other appeals and for the reasons therein given the judgment in favor of the plaintiff and the order denying the motion of the defendant for a new trial are affirmed.

This appeal, however, involves questions other than those arising between plaintiff and defendant respecting the note sued on. After the defendants had answered the complaint a stipulation was entered into between them and the plaintiff that an order of court might be made bringing in one E. H. Merrill, the payee and indorser to the plaintiff of the note sued on, as a party defendant, and to that end that a cross-complaint might be filed by the defendant California Trona Company and served on said Merrill as cross-defendant. The court so ordered and a cross-complaint was accordingly filed by the California Trona Company against Merrill alleging that about December 27, 1910, he had received from the Western Securities Company for and on behalf of the cross-complainant, the Trona Company, the sum of ten thousand dollars; that he had paid cross-complainant two thousand five hundred dollars thereof of which five hundred dollars was paid when the note sued on in the complaint in the action was executed and delivered to Merrill by said Trona Company; that there never was any consideration for said note; that it was given on the receipt of said five hundred dollars under a mistaken assumption of the officers of the cross-complainant company that said payment was a loan; that seven thousand five hundred dollars was still due, owing, and unpaid from said Merrill to the cross-complainant company, and prayed judgment against him for that amount. Merrill appeared and answered the cross-complaint denying its allegations. Under the issues made by the cross-complaint and answer thereto the trial court gave judgment for the cross-defendant Merrill against the Trona Company and the latter appealed from that judgment and an order denying its motion for a new trial, as well as from the judgment against it in favor of the plaintiff.

On the oral argument before this court, and for the first time, it was urged by the attorney of the respondent cross-defendant Merrill that under section 389 of the Code of Civil Procedure a stranger to an action already before a trial court may not be brought into it except for the purpose of making a determination of the controversy between the parties already before the court complete; that Merrill was such a stranger, not being a party to the action brought by plaintiff to recover on the note; that as the controversy between the California Trona Company and Merrill was merely to recover a balance of money alleged to be due from Merrill to said company, and this matter was in no way related or relevant to the controversy between the parties plaintiff and defendant already before the court, which was solely as to the note, that the filing of the cross-complaint was improper and the issues raised thereunder were not properly in the case. For these reasons it was urged by counsel for respondent Merrill that this court should decline to consider the merits of the appeal of cross-complainant but should reverse the judgment with directions to the trial court to dismiss the cross-complaint. But the answer to this point or proposition is that it is now urged too late. It may be true that if timely objection had been made in the trial court by any of the parties to the action against the filing of the cross-complaint or by Merrill when it was sought to bring him in as a cross-defendant, it would have been improper for the trial court to have permitted the filing of that pleading or to have overruled a motion made by Merrill to dismiss it. But no such objection was made by any of the parties to the action then before the court. As far as they are concerned they all stipulated that the cross-complaint might be filed and Merrill brought in as a cross-defendant. Merrill himself, when he appeared, raised no objection to being brought in nor did he make any motion to dismiss the cross-complaint, but on the contrary demurred and then answered to it. Even on this appeal counsel for Merrill in his briefs filed made no attack whatever on the action of the trial court in permitting the filing of the cross-complaint against him. The superior court had jurisdiction of the subject-matter embraced in the cross-complaint and if it be conceded that it acquired jurisdiction under an improper filing of that pleading, still as no objection whatever was made by Merrill against being brought in as a cross-

defendant under it, but on the contrary he answered to it it is too late for him after judgment rendered by the court on the issues raised under it to make any claim that the filing of the cross-complaint was improper. He is deemed to have waived that point by failure to make it at the opportune time in the trial court. (*Santa Barbara* v. *Eldred,* 95 Cal. 371, [30 Pac. 562].) The justice of applying that rule is exemplified in this case where it appears from the record that if the point urged could prevail now and the cross-complaint be dismissed, the cross-complainant would be without any redress against Merrill as its right of action on the indebtedness has become barred by the statute of limitations.

The sole question presented in the briefs is the correctness of certain rulings of the court in rejecting evidence which it is claimed by appellant cross-complainant was offered by it in support of the cross-complaint. We say claimed, because it is insisted by counsel for respondent Merrill that the assigned errors respecting the exclusion of evidence have no relevancy in this particular appeal because he asserts that such excluded evidence was not offered on the issues raised by the cross-complaint and answer thereto but were offered solely on the issues made by the complaint and answer respecting the note sued on in the action. Meeting this claim appellant insists that the rejected evidence was offered on all the issues to which it was relevant whether made under the complaint and answer, or cross-complaint and answer thereto, and that it was so understood to be offered on the trial. The record is not as satisfactory on this question as it might be, but we think from a careful examination of it that it supports the claim of appellant. All the actions were tried together and the main issue in the actions between plaintiff and defendant, as well as between the cross-complainant and cross-defendant, was whether Merrill was indebted to the California Trona Company on December 27, 1910, for money received by him from the Western Securities Company for the benefit of the Trona Company. The defendants and the cross-defendant Merrill were represented by different attorneys. It was stipulated early in the trial, however, that all objections made by the attorney for plaintiff to the introduction of evidence should be considered as made by and available to the attorney for the cross-defendant. It is true that at one point in the case the attorney for plaintiff insisted that the evidence which

was then being introduced by the Trona Company should be considered solely as addressed to the issues between plaintiff and defendant and the court so limited the offer. But thereafter when other evidence was being introduced by the Trona Company counsel for the cross-defendant interposed objections to that evidence which were sustained. If the evidence upon that subject was being introduced solely on the issues between the plaintiff and defendants it was none of the business of counsel for cross-defendant to object. Whether the evidence then being offered was admissible or not did not concern his client. The only theory with which the action of the attorney for cross-defendant in making objections to the introduction of evidence is consistent is that as the actions were being all tried together it was considered that the evidence offered, if material, was deemed offered on all issues involved except in the one instance referred to. But any doubt on this subject is we think removed by what occurred at the close of the trial on the issues between plaintiff and defendants. The court having rejected practically all the evidence offered by the defendants their attorney announced that he rested his case. The attorney for plaintiff asked for judgment in favor of the plaintiff. Thereupon the attorney for the cross-defendant inquired of the attorney for cross-complainant whether he rested also on the cross-complaint. The reply was "Yes, the matter already offered by us is offered in support of the cross-complaint and in view of his honor's rulings we rest." Counsel for the cross-defendant without any reply to this statement then moved the court for judgment in favor of cross-defendant which was ordered. No objection was made to this offer of the evidence by the attorney for cross-complainant or the court and if the evidence which had already been offered in the case was also pertinent to the issues raised by the cross-complaint we think it must be treated and deemed as offered to sustain the issues made under that pleading. It was not necessary for cross-complainant to recall its witnesses, and renew its attempt to get the same evidence before the court unless opposing counsel refused to accept the offer made and required it to be done. His failure to make any objection at all to the offer was an acquiescence in it and we must consider it and the various rulings of the court upon it as evidence offered on the issues raised under the cross-complaint.

Now as to the evidence offered and the rulings of the court in excluding it. Cross-complainant offered a resolution of the board of directors of the Trona Company passed at a meeting held January 17, 1911, authorizing its president and secretary to execute in the name of the company an option for the sale of its property to the Western Securities Company, proffered proof of the execution of said option by the Trona Company and delivery of it to its attorney to have it signed by the officers of the Western Securities Company. The terms of the option do not appear in the resolution. The following writing was also offered: "San Francisco, Cal. January 17, 1911. California Trona Company, Central Bank Building, Oakland, Calif. Gentlemen: I hereby authorize you to charge up as paid by you against my commission contracts the sum of ten thousand (10,000) dollars in case sale of your property is made by me to the Western Securities Company. Very truly yours. E. H. Merrill." It was admitted that the signature to this letter was that of the cross-defendant Merrill and it was stipulated that the sale was never made and that the option referred to in the resolution had expired. An objection to the introduction of the resolution and the letter was made on the ground that they were immaterial, irrelevant, and incompetent and not responsive to the issues and sustained. The secretary of the Trona Company was asked in his examination as a witness on behalf of said Trona Company this question: "Did E. H. Merrill ever admit to you that he received any money from the Western Securities Company?" Further, "On January 17, 1911, did E. H. Merrill state to you that he had received the sum of $10,000 from the Western Securities Company and for that reason the option of the Western Securities Company which he required the company to give would be for $990,000 and that he wished you would not ask him what he had done with the $10,000?" Objections to these questions on the ground, to the first, that it was immaterial, irrelevant, and incompetent and calling for the conclusion of the witness; to the second, for the same reason with the additional ground that it was leading, were sustained by the court. To the next inquiry made of this same witness, "Has Colonel E. H. Merrill stated to you that he had received the sum of $10,000 from the California Trona Company?" the same objections were urged and sustained. The president of the Trona Com-

pany, as a witness, testified that the letter from Merrill above set forth was delivered to him by Merrill and he was then asked "What, if anything, did Colonel Merrill state to you when he delivered that letter?" Objection was made to this question that it was immaterial, irrelevant, and incompetent and not responsive to any issue, and sustained. Another question to this witness "At the meeting of January 17, 1911, did E. H. Merrill state anything bearing upon his connection with the option given by the California Trona Company to the Western Securities Company?" was objected to on the ground that it was irrelevant, immaterial, and incompetent, called for the conclusion of the witness and was leading, and the objection sustained. A further question to this witness "Do you know if on January 17th Colonel E. H. Merrill was indebted to the California Trona Company?" was sustained by the court on the ground that the inquiry was not responsive to the issue, though it was objected to on the further grounds urged against the last preceding question. This constitutes the evidence offered and excluded. It will be noted that some of the evidence was excluded as not responsive to the issues. That ground had reference solely to the offered evidence as applying to the defense of the defendants against liability on the note to which this evidence was also being offered. This objection that the evidence was not responsive to the issues could of course have no application to the cross-complaint againt Merrill. We think that this evidence sought to be presented was relevant and competent on the issue of whether Merrill was indebted to the cross-complainant Trona Company raised under its cross-complaint and the answer thereto of Merrill. Nor is it clear that the objections to some of these questions that they were leading were well taken. Most of them, however, were not open to these objections or to any other. All were pertinent to the issue and should have been allowed to be answered, as the court should also have allowed in evidence the resolution of the Trona Company and the letter of Merrill. The refusal to do so constituted prejudicial error.

Our conclusion therefore is that as far as the appeal herein applies to the judgment and order in the action between plaintiff and defendants involving the promissory note of January 5, 1911, that judgment and order should be affirmed.

As to the appeal from the judgment and order in favor of the cross-defendant Merrill, that judgment and order are reversed.

Melvin, J. Sloss, J., Shaw, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.