[S. F. No. 13959. In Bank.—October 27, 1930.]

VICTOR OLCESE, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents; OLCESE KRAMER, Intervener.

W. H. Metson, for Petitioner.

Borton & Petrini and Arthur E. Ooghe, for Respondents.

Edwin H. Williams for Intervener.

O'Melveny, Tuller & Myers, Clark, Nichols & Eltse and W. L. Bradshaw, *Amici Curiae,* for Respondents.

RICHARDS, J.—Petitioner applied for a writ of *certiorari* in order to test the jurisdiction of the Superior Court of the State of California, in and for the County of Kern, to appoint a special administrator in the matter of the estate of Louis V. Olcese, deceased, without notice of hearing upon the application for such order and after an appeal had been perfected from a prior order appointing

a general administrator in the matter of said estate. The facts of this family controversy, in so far as they relate to the appointment of the general administrator and the appeal therefrom, are fully set forth in our opinion reversing the order made therein, filed on August 30, 1930, and in which matter our decision has become final through the issuance of a *remittitur* therein. (*Estate of Olcese, ante,* p. 262 [291 Pac. 193].) ■ We are satisfied that the order of the Superior Court herein sought to be reviewed was void as beyond the jurisdiction of the court to make such order. Prior to the year 1921, under the provisions of the Code of Civil Procedure relating to the appointment and powers of a special administrator there was no requirement for an order for the giving of notice on application for the appointment of a special administrator, or for any notice to be given prior to such appointment. By an amendment, however, to sections 1412 to 1415, inclusive, of the Code of Civil Procedure, made in the latter year, such notice of the application for such appointment "as the court may deem reasonable" was required to be given. Section 1412 as thus amended (Stats. 1921, p. 536, sec. 1) reads as follows: "The appointment may be made at any time upon such notice to such of the persons interested in the estate as the court may deem reasonable. After the person appointed has given bonds the clerk must issue special letters of administration to such person." Under the amendment to section 1415 of said code (Stats. 1921, p. 536, sec. 3) the powers of a special administrator were, under certain conditions, greatly enlarged, the provisions of said amendment reading, in part, as follows: "When a special administrator is appointed pending determination of a contest of a will instituted prior to the probate thereof, or pending an appeal from an order appointing, suspending or removing an executor or administrator, such special administrator shall have the same powers, duties and obligations as a general administrator, and the letters of administration issued to him shall recite that such special administrator is appointed with the powers of a general administrator." It is plain to perceive why, in view of the thus enlarged powers of special administrators under the foregoing conditions, some reasonable notice to the persons interested in the estate prior to the making of the appointment of such special administrator

with such enlarged powers should be required. The requirement of section 1412 of said code that such reasonable notice must be given cannot, by any stretch of construction, be held to mean that no notice whatever of the application for such appointment or of the hearing thereon shall be required. ▮ The appointment of a special administrator is a special proceeding, and the jurisdiction of the probate court to entertain an application for such appointment must be strictly construed in order to give to such court jurisdiction to make the same. In the instant case not only was the giving of such notice not provided for, but in the order of the court appointing such administrator it was expressly provided that no such notice was to be required or given, the order of the court in that respect reading as follows: "Whereas, in the judgment and opinion of the court no notice of the application for this order is necessary, and such notice is now hereby dispensed with. Now, therefore, it is ordered, adjudged and decreed that . . . on application of said Bank of Italy National Trust & Savings Association, said Bank of Italy National Trust & Savings Association is hereby appointed special administrator of the estate of L. V. Olcese, deceased, and by reason of the pendency of such appeal, shall have as such special administrator the same powers, duties and obligations as a general administrator." The authorities cited by the respondents herein in support of the making and entry of the foregoing order have no application to the situation herein presented, and the specious argument of the respondents in attempted support of such order is, in our opinion, unfounded in reason and of no avail.

It is ordered upon the hearing on the alternative writ of review issued herein that the proceedings of the probate court in the matter of the appointment of said special administrator and the order appointing the same shall be and they are hereby annulled.

Shenk, J., Waste, C. J., Curtis, J., and Seawell, J., concurred.

Rehearing denied.

Shenk, J., dissented.