[Sac. No. 3907. In Bank.—February 10, 1928.]

PAVE VOINICH, Appellant, v. ROSE ROLLERI, Respondent.

A. H. Carpenter for Appellant.

Chas. P. Snyder and Snyder & Snyder for Respondent.

CURTIS, J.—This action was brought to annul and set aside a judgment in the superior court of the county of Calaveras and to quiet plaintiff's title to certain lands of which she was deprived by said judgment. The action in which said judgment was rendered, which it is sought by

this action to annul and set aside, was entitled *Rose Rolleri* v. *Martin Voinich et al.,* and was numbered 951 in said superior court. The grounds set forth in the complaint in this action, upon which plaintiff herein bases her right to an annulment of said judgment, are that the same was procured against her without the service of any process upon her and without her appearance or participation in said action. In support of these grounds plaintiff alleges that no summons or other notice was ever served upon her in said prior action; that she never appeared in said action; that an attorney at law by the name of Will A. Dower purported to represent her in said action; that said attorney prepared and filed in said action an answer in her name, and appeared and conducted the trial of said action representing himself as the attorney of plaintiff; that plaintiff never authorized the said attorney to appear for her in said action, nor to file said answer nor to represent her or act as her attorney in any manner in said, action; that the verification to said answer purported to be sworn to by her; that it was neither signed nor sworn to by her, and she had no knowledge of it until long after the judgment in said action had been rendered; that she did not authorize any person to sign her name to the said verification to said answer, nor to make the same or to file said answer in said action; that judgment was thereafter rendered in said action against plaintiff, and that said judgment was "obtained by means of fraud and deceit on the part of said defendants and other persons to plaintiff unknown." The answer denied the allegations of the complaint, and with it the defendant filed a cross-complaint setting up that she was the owner of said real property, and asking that her title thereto be quieted as against all claims of plaintiff. The court found in favor of the defendant on all contested issues and rendered judgment that defendant was the owner of said real property and for costs of the action. From this judgment the plaintiff has appealed under the alternative method provided for by section 953a of the Code of Civil Procedure.

While appellant assigns fourteen particulars in which the evidence is insufficient to sutsain the findings, we consider it necessary to discuss only one of said assignments, which is as follows: "There is absolutely no evidence in the record

herein to sustain or support the decision or findings of the court to the effect that the judgment in the case of *Rose Rolleri* v. *Martin Voinich et al.* was not obtained by fraud or collusion and was not void." If the finding of the court that this judgment in action number 951 was in full force and effect and was not obtained by means of fraud or deceit, then all other issues in the case become immaterial, and the findings thereon are not of any consequence in determining the ownership of the real property involved in this action. This judgment in action number 951 was rendered on the eighth day of October, 1919, and the present action was instituted on June 4, 1923, and defendant's cross-complaint was filed on September 30, 1924. At the time of the commencement of this action, or at the time of filing said cross-complaint, sufficient time had not elapsed, therefore, since the rendition of the judgment in action number 951 for the plaintiff in this action to have obtained title to said real property by adverse possession, even if she had been in the open and notorious possession thereof and had paid all taxes thereon during the time intervening between the date of said judgment and the commencement of this action or the filing of defendant's cross-complaint.

By the evidence in this case it appears that said action number 951 was instituted by the defendant in this action, the said Rose Rolleri against Martin Voinich, the husband of Pave Voinich, the plaintiff in the present action, Nick Voinich, Mitchell Voinich, and First Doe, Second Doe, etc., as defendants. The plaintiff, Pave Voinich, was not in her own proper name made a party thereto. An attorney by the name of Will A. Dower, who, it was admitted at the trial of this action, was regularly admitted to practice law in the state of California, appeared in said action and filed a demurrer to the complaint in said action on behalf only of the defendants designated by their true names in the said complaint. This demurrer was overruled, but, nevertheless the plaintiff therein filed an amended complaint in said action, in which the name of the said Pave Voinich was inserted among the names of the defendants therein as follows: "Pave Voinich, sued herein as First Doe." This amended complaint was not personally served on Pave Voinich, but was served on the said Will A. Dower, who

admitted service thereof in writing as "Attorney for Defendants." Later on the said Will A. Dower filed a separate answer in said action on behalf of Mitchell Voinich, and also a separate answer therein on behalf of Pave Voinich, signing his name to this last-named answer as "Attorney for Defendant Pave Voinich." Martin Voinich, one of said defendants and the husband of Pave Voinich, and Nick Voinich, another of said defendants, through their said attorney, Will A. Dower, filed a joint disclaimer to any interest in the real property involved in said action. The verification to the answer of Pave Voinich purported to be signed by her and sworn to before Will A. Dower, a notary public. At the trial Pave Voinich testified that the signature to said verification was not her own. In this testimony she was corroborated by others. And as we have before said, she testified that she never authorized the said Will A. Dower or anybody else to appear for her in said action, or to file any answer therein; and that she knew nothing of said answer being filed, or that she was a party to said action until after judgment had been rendered in said action. There was no evidence, however, that the said attorney did not act in perfectly good faith in filing said answer for the said Pave Voinich, nor that he did not honestly believe he was authorized to defend said action in behalf of the said Pave Voinich. "The act of the attorney in entering the appearance of a defendant carries with it a presumption of due authority upon his part to do so." (*Garrison* v. *Mc-Gowan,* 48 Cal. 592, 600.) After judgment was entered in said action number 951 the said attorney served and filed a notice of intention to move for a new trial. This notice was filed October 20, 1919. Thereafter and on February 9, 1920, the said attorney, Will A. Dower, died. After his death Pave Voinich joined with her co-defendants in said action in the substitution of Joe Huberty as their attorney in said action instead of Will A. Dower, deceased. This substitution was signed by each of said defendants, including the said Pave Voinich. Later on the said Joe Huberty, as attorney for said defendants Mitchell Voinich and Pave Voinich, filed notice of appeal from the judgment in said action, and notice to the clerk for a reporter's transcript and also for a clerk's transcript in said action. These two

defendants also filed a bond on appeal. For some reason the clerk of the court refused to prepare and file a transcript as notified so to do by said defendants, and they instituted an action in the superior court of said county of Calaveras for a writ of mandate to compel said officer to prepare such a transcript. The petition for said writ was signed and sworn to by said Pave Voinich, as well as by her co-defendant, Mitchell Voinich, who were the petitioners therein. In said petition it is alleged ''That on the first day of February, 1917, a complaint wherein Rose Rolleri was plaintiff and petitioners herein were defendants, was filed . . . That under said complaint process was duly issued and served upon the petitioners hereto; that the cause in which Rose Rolleri was plaintiff and petitioners herein were defendants came on for trial . . . and Will A. Dower, Esq., now deceased, appearing as attorney for defendants, petitioners herein.'' In the fourth paragraph of said petition, it is alleged that the notice of entry of judgment was served ''on Will A. Dower, Esq., now deceased, who was then attorney in the aforesaid action for the petitioners herein.'' Similar allegations are made throughout said petition, including one stating that nothing was done in said action after the death of Will A. Dower ''until the 8th day of June, 1920, when Joe Huberty, Esq., accepted the substitution of himself as attorney for petitioners herein, in the place and stead of Will A. Dower, deceased.''

This evidence on behalf of the verity of said judgment and to refute the testimony of the plaintiff herein that the attorney appearing and acting for her in action number 951 had no authority to represent her in said action was proof of the highest character and offered ample justification for the trial court's decision adverse to the contention of plaintiff. The allegations of the petition for a writ of review were not only deliberately made by the plaintiff herein in a pleading filed in a judicial proceeding, but they were verified by her oath, and were entitled to be given great weight by the trial court. They were made only a few months after the trial of said action, and when the events to which they relate were fresh in the mind of plaintiff, and under circumstances that afforded little if any chance of mistake or misunderstanding. The allegations of this

petition in themselves afforded ample evidence to support the finding of the court of plaintiff's appearance in said action number 951, and of the validity and binding effect of the judgment rendered therein. By said judgment the defendant herein, the said Rose Rolleri's title to the real property described in the complaint in the present action, was quieted against all interest or claims of the plaintiff herein. This judgment, therefore, was a complete answer to plaintiff's cause of action and justified the decision and judgment in the present action, irrespective of any other issues made by the pleadings.

Judgment affirmed.

Langdon, J., Preston, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Hearing in Bank denied.

All the Justices concurred.