[Civ. No. 1971. Fourth Appellate District.—August 3, 1936.]

In the Matter of the Estate of ALICE B. DUNTON, Deceased. RALPH DOHERTY, etc., Executor, Appellant, v. F. F. GRANT, Respondent.

730

H. P. L. Beck and William H. Wylie for Appellant.

F. F. Grant, *in pro. per.,* for Respondent.

TURRENTINE, J., *pro tem.*—Alice B. Dunton died testate, bequeathing all her estate to Ralph Doherty, sometimes called Ralph Daugherty, appellant, naming him executor thereof. Decedent left no surviving next of kin. The estate consisted of the community property of decedent and her husband, who had predeceased her. The will was duly probated and appellant appointed executor. Ralph Doherty was a stranger to the estate of both decedent and her pre-

deceased husband. After the will had been admitted to probate the next of kin of the husband filed a contest of the will on the grounds that the decedent lacked testamentary capacity and that the will had been procured by undue influence and fraud. The first trial resulted in a verdict and judgment for the contestants. A motion for new trial was granted and a second trial had which resulted in a verdict and judgment sustaining the validity of the will. After the termination of the contests, F. F. Grant, who, up to that time had been the attorney for Ralph Doherty, as executor and also as sole legatee and devisee, filed a petition for extraordinary attorney's fees. Thereupon, Ralph Doherty discharged his then attorney, F. F. Grant, and retained different counsel who filed objections to the petition for extraordinary attorney's fees. The trial court on August 23, 1935, signed an order for payment of extraordinary attorney's fees as follows: "Upon reading and filing the petition of F. F. Grant, Esq., attorney for the executor in the above entitled estate, and good reason appearing therefrom,—it is ordered, adjudged and decreed that Ralph Doherty, the executor of the above entitled estate, and the sole beneficiary thereunder of the proceeds of the above estate, is hereby ordered to pay to said F. F. Grant, Esq., the sum of $3,500.00 as and for extraordinary attorney's fees due him from said estate." From such order Ralph Doherty prosecutes this appeal and the attorney is designated as claimant and respondent. The estate was appraised at $13,800. The appeal is on the judgment roll.

■ It was the duty of the executor to defend the will, after its admission to probate, against all attacks. (Prob. Code, sec. 381; *Estate of Logan,* 171 Cal. 357 [153 Pac. 388].) "When a will is admitted to probate, it is the duty of the executor to defend and uphold the will against any subsequent attack for its revocation made upon it . . . and this duty primarily rests upon the executor and not upon the legatees or devisees." (*Estate of Logan, supra,* p. 362.) It being his duty to defend the will, he was entitled to retain counsel to help him in performing his duty and it follows that the attorney is entitled to extra compensation for extraordinary services out of the estate. Mr. Woerner, in his work, Woerner on Administration, volume 2, second edition, section 517, lays down the following rule: "If, therefore, an adminis-

trator or executor incur expense at the request or in the interest of a legatee or devisee, in the fruitless attempt to establish a will, the parties are liable therefor, but not the estate. If the will is established, however, the costs and counsel fees, *being chargeable against those who are benefited by the litigation,* may be charged against the estate *if it go to the parties so benefited;* . . . '' This rule was quoted with approval in *Estate of Hite,* 155 Cal. 448, on page 455 [101 Pac. 448], and the italics in the quotation were supplied by the Supreme Court.

In *Estate of Brightman,* 87 Cal. App. 80 [261 Pac. 1044], the court allowed extra compensation out of the estate to the executrix's attorneys for successfully defending the will contest after probate for the executrix who was substantially the sole beneficiary under the will. We are in accord with the rule laid down in *Re Hegarty's Estate,* 47 Nev. 369 [222 Pac. 793], in which case the executrix was the sole beneficiary under the will and employed counsel to resist contest and was successful. Attorney's fees in this case were allowed the attorney out of the estate, for sucessfully defending and maintaining the probate of the will, and the executrix and sole legatee appealed. The Supreme Court of Nevada there said:

''Counsel for appellant, in support of the contention that the court had no authority to make an allowance of attorney's fees in opposing the contest and in procuring the probate of the will, rely mainly upon the opinion in the matter of *Higgins' Estate,* 158 Cal. 355 [111 Pac. 8]. The reason why that case does not control is that in the instant case Mrs. Coleman, who employed counsel to procure the probating of the will, was named' as executrix therein, and was the sole beneficiary thereunder, and prevailed in the contest. In the Higgins case the testator left a widow and three children, Herbert, Albert, and Cornelia. Herbert was named in the will as executor. By the terms of the will the testator gave the widow one-half of his estate, and divided the other one-half as follows: One-sixth to Cornelia, two-sixths to Albert, and three-sixths to Herbert. The effect of the will, therefore, was simply to take from Cornelia one half the share to which she would have succeeded as heir if the deceased had died intestate, and give the same to Herbert. When the will was offered for probate, Albert and Cornelia filed a con-

test. Herbert employed counsel to fight the contest. The court, in refusing to allow attorney's fees out of the estate to the attorneys employed by Herbert, said: 'The contest was practically nothing but a contest between the executor and Cornelia for one-twelfth of the estate of the decedent. No one else was or could be beneficially interested.'—and concluded that the executor should alone bear the expense of the contest. This clearly shows the distinction between the two cases. . . . The court did not err in the respect mentioned.''

In *Scott's Estate,* 9 Watts & S. (Pa.) 98, it was said: ''The executor litigated, not for his own interest, but for the interest of the party who got the whole estate by the litigation, and now refuses to reimburse him for his expenses. Devisees might just as reasonably object to allow him the costs of an ejectment for recovering their land. The case is too plain for argument.'' The court in *Re Hegarty's Estate,* *supra,* quotes the rule laid down by Mr. Woerner (*supra*) and says: ''This is the rule universally recognized as far as we are aware.''

The cases relied upon by appellant are not in point in that none of the decisions are based on facts as exist here. None of them involve a situation where an executor, after probate, who is the sole legatee and devisee, litigates to sustain the will and is successful. Other cases supporting the views we have herein expressed are *Andrews* v. *Andrews,* 7 Ohio St. 143; *Meeker* v. *Meeker,* 74 Iowa, 352 [37 N. W. 773, 7 Am. St. Rep. 489] ; *Mathis* v. *Pitman,* 32 Neb. 191 [49 N. W. 182] ; *Mesick* v. *Mesick,* 7 Barb. (N. Y.) 120.

The situation here presented would seem analogous to the rule laid down in the line of cases which hold that where the validity of a trust, testamentary or otherwise, is assailed and successfully defended by the beneficiaries, the attorneys for the parties maintaining the trust should be compensated for their entire services and that the compensation is payable from the *corpus* of the trust, and that the probate court has jurisdiction to fix and order paid such fees in a testamentary trust. (See *Estate of Duffill,* 188 Cal. 536 [206 Pac. 42] , and *Trustee of Internal Imp. Fund* v. *Greenough,* 105 U. S. 527 [26 L. Ed. 1157].)

Appellant contends that the order for extraordinary attorney's fees is erroneous in that it does not show which of

the services set forth in the petition were extraordinary services upon which the probate court based its order that appellant pay $3,500 as extraordinary fees. The petition is a recital of all that has been done by the respondent in the estate covering both the ordinary and extraordinary services. Which are ordinary and which are extraordinary are readily ascertainable from the face of the petition and the recitals respecting ordinary services may be considered as an introduction to the itemization of the special services rendered, and to show the condition of the estate so that extraordinary fees may be fixed and allowed. The petition shows additional extraordinary services in defending the estate against a claim of one Carrie Smith, for which compensation is sought. Inasmuch as the petition was for fees for extraordinary services by an attorney and the order made is for extraordinary services, it may safely be said that the payment for the ordinary services is still left open to be determined by the court in the settlement of the final account. We find nothing in *Estate of Parker,* 200 Cal. 132 [251 Pac. 907, 49 A. L. R. 1025], relied upon by appellant, in conflict with this view of the law.

The bill of exceptions contains the petition for extraordinary attorney's fees, the answer thereto, the order for the fees, and the notice of appeal. The order recites, "Upon *reading* and *filing* the petition . . . good reason appearing *therefrom,*—it is ordered, adjudged and decreed etc." (Italic ours.) ▮ On an appeal on a judgment roll every intendment is indulged in to support the judgment, including the presumption that the evidence supports it, the findings support it, and in the absence of findings that, if made, they would support it. (*Porter* v. *Hilton,* 214 Cal. 705 [298 Pac. 501, 7 Pac. (2d) 301].) We cannot go beyond the face of the judgment roll. However, where a fatal defect appears on the face of a judgment roll the intendments and presumptions do not cure it. (*Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054].) ▮ It appears herein on the face of the judgment roll that the order from which the appeal is taken was made on the reading and filing of the petition and on the recitals of the petition only. No evidence was before the court according to the face of its own decree. Where there is a petition and an answer thereto on file the court must have something other than the petition alone on

which to base an order. We have held the petition sufficient in form.

The judgment is reversed with directions to the trial court to hold a hearing on the petition and answer, take evidence, and make such order as it deems proper on all the evidence presented.

Barnard, P. J., and Marks, J., concurred.