[Civ. No. 12176.  Second Appellate District, Division Two.—June 14, 1939.]

In the Matter of the Estate of LAURA SHELLABARGER HUNT, Deceased.   ISAAC S. HALL et al., Appellants, v. GEORGE BOUCHARD et al., Respondents.

[Civ. No. 12178.  Second Appellate District, Division Two.—June 14, 1939.]

ISAAC S. HALL et al., Appellants, v. LASHER B. GAL-LAGHER, Respondent.

James W. Bell and P. E. Keeler for Appellants.

Lasher B. Gallagher, *in pro. per.*, George Bouchard, Dana Latham and Paul R. Watkins for Respondents.

McCOMB, J.—These appeals consolidated for the purpose of hearing before this court are from orders allowing (a) $3,700 to Bouchard, Latham & Watkins, and (b) $7,500 to Lasher B. Gallagher, attorneys for the executor of the estate of Laura S. Hunt, deceased. The fees were for extraordinary services rendered in defending a petition to revoke the probate of decedent's will on the ground of undue influence.

This is the sole question to be determined:

*Did the trial court have authority to allow attorneys' fees to the attorneys for the executor subsequent to their having rendered extraordinary services, which resulted in a judgment refusing to set aside the probate of decedent's will upon the ground that the same had been procured through undue influence?*

This question must be answered in the affirmative. At any time after six months from the issuance of letters testamentary, upon notice to the interested parties, the judge of the probate court may order an executor to pay his attorneys out of the estate on account of extraordinary services rendered up to that time such compensation as the judge shall deem proper. (Sec. 911, Prob. Code.)

It is our opinion that section 911 of the Probate Code authorizes the allowance of fees by the probate court either for ordinary or extraordinary services, and does not confine the probate court's jurisdiction to the allowance of ordinary fees.

December 22, 1936, the will of decedent was admitted to probate and Richard Hunt Sampson appointed executor of the estate, January 13, 1937. March 11, 1938, and May 3, 1938, the orders here questioned were made by the probate judge. Therefore, it is evident that more than six months having elapsed since the date of admission of decedent's will to probate, and due notice having been served upon all interested parties, the court was vested with jurisdiction to make the orders here involved.

For the foregoing reasons the orders are and each is affirmed.

Wood, Acting P. J., concurred.