[Civ. No. 14739. First Dist., Div. One. Oct. 29, 1951.]

Estate of DANIEL McSWEENEY, Deceased. EUGENE B. SWEENEY et al., Appellants, v. ALEXANDER J. WELTE et al., Respondents.

Edwin H. Williams and Donald B. Richardson for Appellants.

Dolwig, Gaudio & Davis and Antonio J. Gaudio for Respondents.

WOOD (Fred B.), J.—The heirs of Daniel McSweeney, deceased, have appealed from an order in probate which awarded to the attorneys for the executor and executrix an allowance upon their statutory fees and $8,175 for extraordinary legal services rendered by them. In their briefs appellants question only the allowance for extraordinary services.

The clerk's transcript is the sole record upon this appeal. In that record there is disclosed no basis for considering the order except to affirm it, unless we may take judicial notice of certain litigation for the conduct of which this record shows the fee for extraordinary services was largely, if not principally, awarded.

The application of Alexander J. Welte and Eleanor Welte, executor and executrix of the estate, for the allowance of $8,175 for extraordinary legal services recites that they, as executor and executrix, undertook the defense of the action of *Ryan* v. *Welte*, in the Superior Court of San Mateo County (identifying it by name and number), for which purpose they employed the services of their attorneys, which services included the handling of that litigation in the superior court, District Court of Appeal, and Supreme Court. The application also recited the successful conclusion of proceedings for confirmation of the sale of three parcels of real estate. The order made after the hearing of that application contains sub-

stantially the same recitals concerning the services rendered in *Ryan* v. *Welte* and in the conduct of the sales in probate, as the basis for the allowance of the fee for extraordinary legal services.

In that application the executor and executrix also stated that *Ryan* v. *Welte* was successfully concluded by procuring from the plaintiff therein a dismissal with prejudice, in the form of an "agreement and consent to final distribution with the said JOSEPH L. RYAN, under date of January 19th, 1950, which resulted in conserving for the benefit of said estate fifty (50) percent of the total value of the assets of said estate, estimated at some THIRTY ONE THOUSAND DOLLARS ($31,000.00) which would otherwise have been lost to the estate by impressing thereupon a trust in favor of said JOSEPH L. RYAN and other persons who were strangers to the estate." In the same document (the portion thereof which related to partial distribution), Alexander and Eleanor Welte stated that, in their individual capacity, on January 19, 1950, they entered into an agreement with Ryan, under the terms of which Ryan conveyed to them all of his right, title and interest in and to the real property the decedent had devised to Ryan, and in and to all property to which Ryan might have been entitled under the will or under the laws of succession, and that Ryan had consented to the distribution of his said right, title or interest unto Alexander and Eleanor Welte, in equal shares.

The parties, in their briefs upon this appeal, discuss at length the nature of the issues involved in *Ryan* v. *Welte* on the question whether or not the cost of the conduct thereof to Alexander and Eleanor Welte is a proper charge against the funds of the estate. Respondents, in their brief, direct attention to the fact that "A judgment on demurrer to the Second Amended Complaint was the subject of an appeal and decision before this court, entitled *Ryan* v. *Welte*, 87 Cal.App. 2d 897 [198 P.2d 357]"; state that "A brief reading of the decision and reference to the record in *Ryan* v. *Welte, supra,* shows that the purpose and intent thereof . . . was to divest the estate . . . of all of the beneficial right . . . in the entire assets of the estate by impressing a trust thereon . . . in favor of Joseph L. Ryan as to an undivided one-half of such total assets"; and recite that the litigation involved in *Ryan* v. *Welte* "formed the basis for the allowance of fees for extraordinary services in this case." There were two appeals in *Ryan* v. *Welte,* each heard and decided by this

court, reported respectively in 87 Cal.App.2d 888 [198 P.2d 351] and 87 Cal.App.2d 897 [198 P.2d 357].

Under these circumstances, this court may and in the interest of justice should take judicial notice of its own records in the two appeals in *Ryan* v. *Welte,* for the purpose of ascertaining the nature of that litigation and determining whether or not, as a matter of law, the legal services rendered therein are compensable out of the funds of the estate. In *Sewell* v. *Johnson,* 165 Cal. 762 [134 P. 704, Ann.Cas. 1915B 645], the court took notice of its reversal of the very judgment upon which the judgment immediately involved was solely based. In *City of Los Angeles* v. *Abbott,* 217 Cal. 184 [17 P.2d 993], the court took judicial notice of a judgment, affirmed by it in another action, which enjoined the city from proceeding in eminent domain (showing that the city did not voluntarily abandon the proceeding then before the court), both parties expressly or impliedly admitting that the legal effect of that injunction was in fact considered and argued before the trial court. (See, also, *Hammell* v. *Britton,* 19 Cal.2d 72 [119 P.2d 333]; *Christiana* v. *Rose,* 100 Cal.App. 2d 46, 52-53 [222 P.2d 891]; *Mann* v. *Mann,* 76 Cal.App.2d 32, 40-42 [172 P.2d 369]; and cases cited in each.)

By his will, the testator gave certain parcels of real property and certain moneys, respectively, to Alexander and Eleanor Welte, and certain real property to Joseph L. Ryan; and appointed Alexander and Eleanor Welte as executor and executrix. He made no other disposition in his will, dying intestate as to some of his property. Title to this intestate property, of course, passed to the appellants, as heirs, upon the death of decedent, subject to possession of the executor and executrix and control of the court for the purposes of administration, and payment of decedent's debts and the expenses of administration. (Prob. Code, § 300. See *Reeve* v. *Jahn,* 9 Cal.2d 244, 248 [70 P.2d 610]; *Mears* v. *Jeffry,* 80 Cal.App.2d 610, 617-618 [182 P.2d 294]; *Burns* v. *McGraw,* 75 Cal.App.2d 481, 488 [171 P.2d 148].) Those expenses, including the fee in question, are a first charge against the intestate property. (Prob. Code, § 750.) If this property is adequate to the purpose, the fee in its entirety will in effect be paid by appellants, none thereof by Alexander or Eleanor Welte.

Joseph L. Ryan, one of the devisees under the will, brought the action of *Ryan* v. *Welte,* above mentioned, against Alexander and Eleanor Welte, naming them as defendants, in-

dividually and as executor and executrix. By the first cause of action stated in his amended complaint, he sought to impress a trust in his favor upon certain properties left by the decedent, including those which the decedent had devised to Alexander and Eleanor Welte, respectively. The asserted trust was predicated upon an alleged agreement between the decedent and his wife, who predeceased him, that their property accumulations would go to the survivor, and upon the death of the survivor to plaintiff Ryan and his sister, in equal shares. By his second cause of action, Ryan sought to impose a like trust, for similar reasons, upon certain property which the decedent had conveyed to Alexander and Eleanor Welte during his lifetime, property which formed no part of his estate in probate.* None of the appellants herein was a party to that action; hence, not bound by any judgment that might have been rendered therein.

It is apparent that *Ryan* v. *Welte* was a suit in equity which presented issues that were not of concern to the estate of McSweeney. It affected only the residue of the estate after the debts of McSweeney and the expenses of administration had been paid. It affected and bore upon the title of the devisees, legatees, and heirs of McSweeney to their respective portions of that residue and thus was of concern to them only in their individual capacities. The circumstance that two of them happened to be the executor and the executrix did not alter and should not obscure that fact. It follows that the cost of that litigation should be borne by them in their individual capacities. It would be quite inequitable to charge any of that cost to them through the medium of an allowance out of the funds of the estate when that would not result in a ratable contribution by them, especially when, as in this case, it would probably result in the appellants paying all and respondents Alexander and Eleanor Welte paying none of it. If the respondents have any right of contribution from appellants, it is not a right which is enforceable by way of allowance out of the funds of the estate. Whether or not they have such a right, we do not decide, for it is not involved upon this appeal.

The applicable statutes and judicial precedents support the views which we have expressed.

In a probate proceeding, allowances may be awarded the executor or administrator for "any extraordinary services,

---

*See pp. 899 and 900 of 87 Cal.App.2d for a more detailed statement of the allegations of the complaint.

such as sales . . ., contested or litigated claims against the estate, . . . [certain other enumerated services] . . . and *such other litigation* or special services *as may be necessary for the executor or administrator to prosecute, defend or perform."* (Prob. Code, § 902; italics added.) ▮ The words "as may be necessary" do not appear in sections 910 or 911 of the Probate Code, relative to the allowance of fees for the attorney, but they are implied, for his services are rendered to the executor or administrator and may not be paid out of estate funds if rendered in the conduct of litigation the cost of which is not allowable to the executor or administrator out of those funds. (*Estate of Hite,* 155 Cal. 448, 451-454 [101 P. 448], and *Estate of Higgins,* 158 Cal. 355, 357 [111 P. 8], construing the predecessor statute, Code Civ. Proc., §§ 1616, 1618, and 1619.)

▮ The remedy of a person asserting a claim to the residue of an estate, predicated upon an asserted agreement to leave the property to him, is an action for quasi specific performance of the agreement, against the heirs, devisees and legatees, personally, to impress a trust in his favor upon the property in their hands. ▮ The court, acting in probate, has no jurisdiction of such a controversy. (*Ryan* v. *Welte,* 87 Cal.App.2d 897, 900 [198 P.2d 357]; *Estate of Cropper,* 83 Cal.App.2d 105 [187 P.2d 780].) ▮ The heirs, devisees and legatees, not the executor or administrator, are necessary parties to such an action. (*McCabe* v. *Healy,* 138 Cal. 81 [70 P. 1008]; *Stewart* v. *Smith,* 6 Cal.App. 152 [91 P. 667].) ▮ The claimant need not join them all in one action. He may litigate separately with them. Those not joined are not bound by any judgment that may be rendered. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879].) ▮ Such an action brought against the executor or administrator without joining any of the heirs, legatees or devisees, does not present a justiciable controversy. (*Lee* v. *Zimmerman,* 75 Cal.App. 617 [243 P. 62].)

▮ It necessarily follows that compensation for extraordinary legal services, rendered an executor or administrator in such an action, are not payable out of the funds of the estate. (*Estate of Ross,* 179 Cal. 358 [182 P. 303].) ▮ The same is true of legal services rendered an executor in the contest of a will (*Estate of Hite, supra,* 155 Cal. 448, and *Estate of Higgins, supra,* 158 Cal. 355, contests before probate) or in a proceeding to determine heirship (*Estate of Friedman,* 176 Cal. 226 [168 P. 21]). Such a contest or proceeding involves solely the ownership of the residue of the

estate after administration. The executor has no interest in that residue. ·

Respondents suggest that the rule is different in respect to an executor's successful defense of a will contest after probate. One of the cases upon which they rely is *Estate of Duffill,* 188 Cal. 536 [206 P. 42). But that was an allowance of attorney's fees at the request of testamentary trustees, after distribution to them as trustees, out of the trust estate, for services rendered in preserving the trust estate. The court applied a principle of the law of trusts (not of the law governing the administration of decedents' estates), to the effect that ''the trust estate is chargeable with all expenditures incurred in the interest of the beneficiaries'' (p. 556). *In re Whetton,* 98 Cal. 203 [32 P. 970], merely holds that in a contest after probate citation must be served on the executor, as well as on the heirs and the beneficiaries under the will, and that he has a duty to defend against such an attack. But it says nothing about extraordinary fees to his attorneys in conducting that defense. The opinion in *Estate of Hunt,* 33 Cal.App.2d 356 [91 P.2d 612], holds that when six months have elapsed after issuance of letters testamentary, the trial court has jurisdiction to allow attorney's fees for services rendered in the defeat of a contest after probate, but does not indicate that the question whether those fees should be paid out of estate funds or by the holders of title to the distributable residue was involved or presented to the court for consideration. In *Estate of Dunton,* 15 Cal.App.2d 729 [60 P.2d 159]·, the executor's attorney was allowed out of the funds of the estate a fee for services rendered in successfully resisting a contest after probate. But the court emphasized the fact that there the executor was the sole beneficiary of the residue of the estate. The fee in such a case would, for all practical purposes, be paid by the person who solely benefited by the litigation in which the services were rendered. Similar is *Estate of Brightman,* 87 Cal.App. 80 [261 P. 1044]. The executrix was sole legatee, except for gifts of $4,000 to others, of an estate inventoried at $23,240. The court in the Dunton case characterized the Brightman case as one in which the executrix was ''substantially the sole beneficiary under the will'' (15 Cal.App.2d at p. 732). The Dunton and Brightman cases serve to emphasize the inequity of such an allowance when, as in the instant case, the persons principally benefiting would bear little, if any, of the cost, and others, not parties to the litigation, would bear most, perhaps all, of that cost.

The trial court, of course, had authority to allow compensation for extraordinary services rendered in the conduct of the sales of real property, but the allowance was in a lump sum and, in large part, for services which cannot under the law be compensated out of the funds of the estate, and we have no means of knowing how much was awarded for each type of service. The order, therefore, must be reversed as a whole.

The order appealed from is reversed.

Peters, P. J., and Bray, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 20, 1951.