KINCAID, J. pro tem*.
Appeal is taken herein by Mary Dorothy Daniels, executrix of the will of Howard John Barnicoat, deceased, “from the judgment rendered herein on or about the 16th day of December, 1959 [sic 1958] and from that portion of the judgment awarding attorney fees.”
Appellant, hereinafter called “executrix,” is also the sole legatee under said will and the sole distributee to whom the remaining estate has been ordered distributed under the decree of distribution. Respondent, P. Basil Lambros, was employed by the executrix as her attorney in the estate and served as such for a period to and including preparation and filing of the first and final account report and petition for attorney’s fees and distribution. He was then discharged by the executrix and she thereafter appeared in propria persona. The only substantial questions herein presented relate to the allowance and awarding of attorney’s fees, statutory and extraordinary, to Lambros.
By the terms of the order settling executrix’s final account, which is the order of December 16, 1958, appealed from, and the findings of fact and conclusions of law of the court in connection therewith, it was found and ordered that $500 out of the total $841.38 statutory attorney’s fees allowable for ordinary services should be allowed and paid Lambros as his allocable share of statutory fees for such services rendered by him during the period in which he acted as attorney for the executrix.
It was further found that Lambros performed certain extraordinary legal services for the executrix, and it was ordered that the sum of $325 be allowed and paid to him therefor of which $300 was for conferring with the executrix and with counsel relating to claims of the ex-wife of decedent regarding her nonresident affidavit and petition for decree that certain insurance proceeds are her community property, and $25 for assisting the executrix in preparation of a small claims court action.
It was also found and ordered that the motion of the executrix to dismiss Lambros ’ petition for extraordinary fees, and “all other motions of said Mary Dorothy Daniels, individually and as Executrix and Distributee now before this court, are denied except as herein expressly allowed.”
The executrix first contends that the court erred and abused its discretion in awarding $500 to Lambros as his *385 allocable share of the allowable statutory fee for ordinary services. She contends in essence that the evidence shows that respondent only rendered inconsequential legal services, and that she herself acting in propria persona performed all ordinary legal services of any consequence.
Lambros testified, however, that he acted as executrix’s attorney from the beginning of the administration in April, 1954 to October 11, 1955, when the executrix discharged him. During said period he stated he rendered all legal services necessary for the conduct of the ordinary probate proceedings; that, as of the date of his discharge, all ordinary legal services had been performed and the administration of the estate was in a condition to be and could have closed, except for the pendency of certain litigation instituted by the decedent’s divorced wife.
While the testimony of the parties as to the ordinary services rendered by Lambros was conflicting, it was the function of and within the special province of the trial court to weigh and evaluate the conflicting testimony; and it cannot be said, in view of the testimony of the attorney as to the ordinary services rendered by him, that the evidence does not support the trial court’s order or that the court abused its discretion in making said determination. (Estate of Machado, 186 Cal. 246, 249 [199 P. 505] ; Estate of Morgan, 94 Cal.App. 617 [271P. 762].)
Appellant-executrix next contends the trial court had no power or authority to make the $300 further award to respondent for conferring with her and opposing counsel regarding the aforementioned nonresident affidavit and petition of the decedent’s divorced wife for decree that insurance proceeds are community property.
The said claim was one in which the former wife contended in essence, that by virtue of an alleged oral agreement with the decedent, the latter had agreed before their divorce he would retain her as beneficiary in certain insurance policies on his life; that decedent after the divorce, without her knowledge and consent, had thereafter revoked his designation of her as beneficiary and had named the executrix of his estate as beneficiary thereunder; and that by reason thereof she had an interest in the proceeds of the said policies which had been received by and become a part of decedent’s estate, or a community property interest therein.
The evidence shows that the executrix consulted Lambros *386 relative to said claim and petition; and that, in her capacity as executrix, she requested and authorized respondent to perform any required services in connection therewith. Likewise, there was evidence showing that respondent spent considerable time in researching and investigating said matters, in consulting with executrix and with counsel for decedent’s divorced wife. The evidence is amply sufficient to support the award of $300 to Lambros for said extraordinary services, provided, however, the trial court had power and authority to make said award.
The executrix contends that, under the doctrine set forth in Estate of Friedman, 176 Cal. 226 [168 P. 21] and Estate of Murphey, 7 Cal.2d 712 [62 P.2d 374], the trial court had no power to allow compensation out of the estate for services rendered in said matters, even though she as executrix employed respondent to render legal services in connection therewith.
These cases hold that, in proceedings to determine heirship and the respective rights of heirs or persons entitled to distribution to succeed to the estate under former section 1664, Code of Civil Procedure (now Prob. Code, § 1080), it is not part of an executor’s duty to participate in such proceedings; and that the court, therefore, has no power to allow compensation out of the estate for services rendered in such proceedings by the executor’s attorney, even though the executor authorized the attorney to perform such services.
There are, however, essential differences between the factual situation in this case as compared with the facts before the court in the Friedman and Murphey cases; and, by reason thereof, these authorities are not controlling herein.
Decedent’s divorced wife was neither an heir of the decedent nor a person entitled to share in the distribution of his estate. Her claim and petition were filed after admission of the will to probate and were against the estate and adverse thereto. While the petition of the divorced wife filed contemporaneously with her claim was entitled a petition “To Determine Interests in Estate” and while the prayer thereof was for a decree determining the persons to whom distribution should be made, said petition was nonetheless in reality and in law a petition asserting a claim adverse to the estate, rather than one by an heir or by a person entitled to distribution to succeed to the estate. In fact, the probate court herein dismissed said petition apparently on the ground that the divorced wife’s claim was adverse and that she was a stranger insofar *387 as the probate proceedings were concerned.[1] Under these circumstances, it cannot be said that the executrix did not have a duty to the estate to protect it against said alleged claim, or that the services rendered by her attorney were not in a.id of a duty owed by the executrix to the estate.
Further, appellant herein, as distinguished from the executors in Friedman and Murphey, was the decedent’s sole beneficiary and the sole distributee of his estate; and, under such circumstances, attorney’s fees could properly be allowed out of the estate for the services rendered by respondent, as attorney for the executrix, in connection with resisting the divorced wife’s said claim. (Estate of Dunton, 15 Cal.App.2d 729, 732-733 [60 P.2d 159]; Estate of Brightman, 87 Cal.App. 80 [261 P. 1044] ; see Estate of Corotto, 125 Cal.App.2d 314, 320 [270 P.2d 498].)
Appellant also contends that the trial court erred in awarding to respondent $25 as extraordinary fees for assisting the executrix in preparation of a small claims court action. It appears that a small debt for rent was owing to the estate and the executrix sought the legal advice of her attorney as to the means of collecting it. A small claims court suit resulted. Appellant contends that because section 117g, Code of Civil Procedure, proscribes an attorney at law from taking part in the filing, prosecution or defense of this type of litigation, no allowance of fees can be made to Lambros for advising her in its connection. However, the attorney took no part in the small claims court ease itself and the court was entitled to exercise its discretion in allowing this small sum as compensation for the time and effort spent by him in advising as to the steps necessary to collect the debt due the estate.
Finally, the executrix contends that no attorney’s fees, statutory or extraordinary, should have been awarded because of respondent’s alleged negligence and detrimental *388 delay; and that the court erred in not making findings in regard thereto.
It is sufficient to state that an examination of the case record shows that there was no evidence sufficient to establish negligence on Lambros’ part, or that the estate or executrix sustained any loss as a result of any such alleged negligence or delay.
Appellant appeared in propria persona to urge her objections to respondent’s claim for fees; and, except for certain unsubstantiated assertions and claims by her as to negligence and delay on the attorney’s part, the record is devoid of evidence establishing the claimed negligence or detriment resulting therefrom. The record also shows that any delay in closing the administration had been occasioned in part by request of the executrix that the estate be kept open, and that respondent was not guilty of filing an erronoeus inventory resulting in any overpayment of the inheritance tax, as claimed by her.
Further, appellant’s basic contention that the alleged delay in closing the administration resulted in detriment is without merit. It is sufficient to point out that the claim of the divorced wife was not allowed, her petition was dismissed and there is no basis other than mere speculation for the contention that the plenary action would not have been instituted if the administration of the estate had been closed more promptly.
Further, the findings of the trial court, even assuming that formal findings were necessary in such a probate proceeding, were sufficient to indicate that the court found adversely to appellant’s alleged claims of negligence and detrimental delay on respondent’s part. In addition to the other findings, the trial court found: ‘‘That ... all other motions of said Mary Dorothy Daniels, individually and as Executrix and Distributee now before this court, inconsistent with the Findings of Fact herein, are untrue. ’’
The judgment and order appealed from are affirmed.
Fox, P. J., and Herndon, J., concurred.
A petition for a rehearing was denied April 22, 1960, and appellant’s petition for a hearing by the Supreme Court was denied May 25, 1960. Dooling, J. pro tem.,* participated therein in place of Spence, J.

Assigned by Chairman of Judicial Council.

Thereafter, the divorced wife brought a plenary action against appellant to recover her alleged community property interest in the proceeds of the insurance policies paid to the estate. The executrix was represented therein by counsel other than respondent herein; and eventually it was determined on appeal that the divorced wife was estopped from claiming a community interest in said policies. (Spurr v. Daniels, 152 Cal.App.2d 867 [313 P.2d 621].) In this connection, while appellant is challenging the award made to respondent herein for services rendered by him in connection with the divorced wife’s claim, she claimed (and has been allowed) in her final and supplemental final account allowances for disbursements made in defending said plenary action.

Assigned by Chairman of Judicial Council.